JOHN E. SMITH, ASSIGNEE OF H. P. WEBB & CO., PLAINTIFF IN ERROR, v. JOHN L. HOBLEMAN, ET AL., DEFENDANTS IN ERROR.

Promissory Note: PAYMENT IN WHEAT. Where, in an action upon a promissory note, the answer admitted the execution of the note, but alleged that it was to be paid in wheat, which had been delivered in pursuance of the contract, it was not error for the court to instruct the jury if they found such contract to exist, "and that defendants did deliver the wheat to pay said note in full, you will find for the defendants."

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*Pemberton & Forbes,* for plaintiff in error.

Answer states that agreement to pay in wheat was made *after* execution of the note, and not at the time, as assumed by court. The defendant can only defend on grounds set up in his answer. *VanDyke v. Davis,* 2 Mich., 145, and cases cited.

*Hale & Bibb,* for defendants in error, cited Stephen on Pleading, 292.

MAXWELL, J.

This is an action upon a promissory note given by Hobleman and Schlake to H. P. Webb & Co. The action is brought by Smith, the assignee. The defendants ad-

mit the execution of the note, but say " that said defendants agreed that they would deliver wheat at the flouring mill of Holt & Webb, in Dewitt, in Saline county, Neb., at an agreed price per bushel, a quantity of wheat sufficient to pay said note, and said defendants say that they did, according to said agreement, deliver to said plaintiff the said wheat in payment of the money mentioned in said promissory note, and that the said plaintiff did then accept and receive the same in full satisfaction of the said sum of moneys so due and owing from the said defendants to the said plaintiff." The reply is a general denial.

The testimony shows that the note was given for money borrowed by the defendants from the bank of H. P. Webb & Co.; that Webb, at that time, was also a member of the firm of Holt & Webb, engaged in the milling business at Dewitt, in Saline county. Hobleman and Schlake both testify that the note was to be paid in wheat, and that wheat was delivered to Holt & Webb in pursuance of the contract. Mr. Webb, in his testimony, admits the delivery of the wheat, but says the wheat was merely stored in the mill, and Hobleman was to sell the same when the price suited him, and out of the proceeds to pay the note. Hobleman seems to have delivered about eight hundred bushels of wheat at the mill, and the mill seems to have burned in a day or two after the delivery of the wheat.

On the trial of the cause, the court instructed the jury that: " If you find from the evidence that defendants, at the time they made their note, agreed to pay the same in wheat, and if you find that defendants did deliver the wheat to pay said note in full, you will find for the defendants." Various objections are made to this instruction which it is unnecessary to consider, as the instruction was proper under the issue made by the pleadings.

An instruction was asked on behalf of the plaintiff as

to the authority of Webb to receive wheat in payment, which was properly refused, there being nothing in either the pleadings or evidence to justify it.

There is no error in the record and the judgment must be affirmed.

JUDGMENT AFFIRMED.